UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEROME JERMAINE FOX,

    Plaintiff,

v().                                                  Case No: 6:17-cv-192-Orl-40TBS

STATE OF FLORIDA and BREVARD
COUNTY,

    Defendants.
_____

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Affidavit of Indigency, which I have construed as a motion for leave to proceed *in forma pauperis* (Doc. 6). For the reasons that follow, I respectfully recommend that the Court **deny** the motion and **dismiss the case.**

## Background

Plaintiff instituted this action in February, 2017 (Doc. 1). After reading Plaintiff's complaint, it was not entirely clear to me what he was complaining about. His complaint is written entirely in capital letters and amounts to a rambling diatribe against Brevard County officials that contains sentences up to seven lines long. Plaintiff complains that Defendants failed to maintain accurate arrest records, which caused substantial infringement of his constitutional rights (Doc. 1). He avers that he was falsely imprisoned for 8 months after being re-arrested on a warrant that had been previously resolved (Id.). Plaintiff is attempting to bring a federal claim under 42 U.S.C. §§ 1983 and 1988, alleging that Defendants' negligent actions violated his rights under the Fourth, Fifth, Thirteenth, and Fourteenth Amendments to the United States Constitution and Article 1, Sections 2,

9 and 12 of the Florida State Constitution (Id.).

Although Plaintiff's claims are deficient, it appeared to me that with amendment, some of them might survive (Doc. 10). Accordingly, on April 4, 2017, I entered an Order in which I explained the problems I found with Plaintiff's complaint and I allowed him through April 25, 2017 to file an amended complaint (Id., at 1, 8). I informed Plaintiff that "[i]f [he] fail[ed] to amend his complaint, then [I] would submit a report and recommendation to the district judge, recommending that this case be dismissed without prejudice" (Id. at 8).

Plaintiff did not amend and on April 28, 2017, I acknowledged that I had failed to respond to an earlier request he made for forms (Doc. 11). In my response, I encouraged Plaintiff to visit the Court's website to obtain the forms he wanted and to review the materials entitled "Proceeding Without a Lawyer" (Doc. 11). I also told Plaintiff that if he did not have access to a computer, he could get the forms from the Clerk (Id.). I extended the time for Plaintiff to amend his complaint to May 19, 2017 (Id. at 2). And, I expressly warned Plaintiff that his case may be dismissed if he failed to file an amended complaint. Plaintiff has not amended his complaint and the time to do so has expired. Now, for the reasons stated below, I respectfully recommend that this case be dismissed with no further leave to amend.

## Discussion

Federal courts may allow an individual to proceed *in forma pauperis* if that person declares in an affidavit that he "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). Prior to determining whether a plaintiff qualifies to proceed *in forma pauperis*, the Court, pursuant to 28 U.S.C. §1915(e)(2), should review his complaint to determine whether it should be dismissed. Section 1915(e) provides that a district court may dismiss a case filed *in forma pauperis* if it is satisfied that the action is frivolous, fails

to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. Id. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the lawsuit on its own authority. See id.

The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). Still, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327. A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

To state a claim, a plaintiff must provide a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. FED. R. CIV. P. 8(a). The plaintiff must allege the claim in a legible manner with numbered paragraphs, incorporating by reference other parts of the pleading for clarity. FED. R. CIV. P. 10. Relevant facts should be segregated to each of their respective claims. See Beckwith v. Bellsouth Telecoms, Inc., 146 F. App'x. 368, 372 (11th Cir. 2005). Although district courts apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even *pro se* litigants must allege the essential elements of their claims for relief. See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted).

Plaintiff bases this action on the civil rights provisions found in 42 U.S.C. § 1983.[1] Section 1983 establishes a federal cause of action for damages against those who, acting under color of state law, deprive or cause the deprivation of the federal rights of any citizen or other person under their jurisdiction. 42 U.S.C. § 1983. The purpose of § 1983 "is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254-57 (1978)). Section 1983 is a vehicle for vindicating federal rights elsewhere conferred, it does not create new substantive rights. Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979). The Court must consider the specific federal rights Plaintiff claims he was deprived of by Defendants because the viability of Plaintiff's § 1983 claim hinges on the sufficiency of his constitutional claims.

A. Fourth Amendment Claim

Plaintiff's complaint mentions both search and seizure and false imprisonment as the bases of his cause of action under § 1983. He sufficiently states a cause of action for the latter, but not the former.

To sustain a cause of action for false imprisonment under the Fourth Amendment, Plaintiff must show that "(1) defendant intended to confine [him], (2) [he] was conscious of confinement, (3) [he] did not consent to confinement, and (4) confinement was not otherwise privileged." Trombley v. O'Neill, 929 F. Supp. 2d 81, 95 (N.D.N.Y. 2013). Plaintiff has alleged that law enforcement in Brevard County, FL intentionally arrested

---

[1] Plaintiff cites to §1988 as well, but this statute is merely the vehicle by which a prevailing party in a § 1983 case may obtain attorney's fees. 42 U.S.C. § 1988(b); see Head v. Medford, 62 F.3d 351, 356 n. 4 (11th Cir. 1995); Brivik v. Murray, No. 8:11-cv-2101-T-33TGW, 2014 WL 1576721, at *3 n. 2 (M.D. Fla. April 18, 2014).

and confined him from May 13, 2016 until January 4, 2017, against his will, on a warrant that had previously been discharged (Doc. 1 at 1-2). These averments are sufficient to sustain a cause of action for false imprisonment.

But, Plaintiff's allegations are not sufficient to sustain a cause of action for unreasonable search and seizure under the Fourth Amendment. To state a Fourth Amendment claim for unreasonable search and seizure a plaintiff must allege that a state actor or an "agent of the government" infringed on his reasonable expectation of privacy. See Mundy v. Hambright, No. CV 213-128, 2014 WL 2895475, at *5 (S.D. Ga. June 24, 2014); Fortson v. City of Elberton, 24 F. Supp. 3d 1268 (M.D. Ga. June 24, 2014). Plaintiff makes no allegations concerning the infringement of a specific privacy right. Thus, his complaint is insufficient because a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not satisfy Rule 8's pleading requirements. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

B. Fifth Amendment Claim

Plaintiff alleges that Defendants violated his Fifth Amendment right against double jeopardy, as applied to the states through the Fourteenth Amendment, by arresting and detaining him on an invalid warrant that was related to a previously resolved case (Doc. 1 at 1). The United States Supreme Court has held that "[t]he constitutional provision against double jeopardy can have no application unless a prisoner has, theretofore, been placed on trial. The preliminary examination of one arrested on suspicion of a crime is not a trial …" Collins v. Loisel, 262 U.S. 426, 429 (1923) (internal citations omitted). In other words, a person is subject to double jeopardy when a jury is empaneled or, in a bench trial, when evidence is introduced. Delgado v. Fla. Dep't of Corr., 659 F.3d 1311, 1324

n.9 (11th Cir. 2011); Miller v. Sec'y, Dep't of Corr., Case No. 5:09-cv-186, 2012 U.S. Dist. LEXIS 81700, at *9 (M.D. Fla. June 13, 2012); Loera v. United States, 714 F.3d 1025, 1029 (7th Cir. 2013). Because double jeopardy did not attach to Plaintiff's May 13, 2016 arrest, he has failed to state a cause of action for Fifth Amendment violations.

### C. Thirteenth Amendment Claim

Plaintiff claims that Defendants violated his right to be free from involuntary servitude and slavery guaranteed by the Thirteenth Amendment (Doc. 1). Although the Eleventh Circuit has not issued a ruling specifically on this issue, courts throughout the country have held that there is no private right of action under the Thirteenth Amendment. See Powers v. CSX Transp., Inc., 105 F. Supp. 2d 1295, 1302-1303 (S.D. Ala. 2000) (citing Bascomb v. Smith Barney Inc., No. 96 CIV. 8747(LAP), 1999 WL 20853, at *6 (S.D.N.Y.1999)); Matthews v. Freedman, 128 F.R.D. 194, 202 n. 2 (E.D. Pa. 1989), aff'd, 919 F.2d 135 (3d Cir.1990)). Plaintiff has not directed the Court's attention to any case law to the contrary. Therefore, I find that Plaintiff is unable to sustain a cause of action under the Thirteenth Amendment.

### D. Municipal Liability

In addition to his failure to allege all the elements of his asserted federal causes of action, Plaintiff has failed to specify which individuals committed the unlawful actions on behalf of the state of Florida and Brevard County. He has also failed to allege facts sufficient to establish municipal liability. In the Eleventh Circuit, "it is well established that a municipality cannot be held liable for a [Section] 1983 violation [solely] based upon the theory of *respondeat superior.*" Turner v. Jones, 415 F. App'x 196, 202 (2011). Instead, a municipality may be liable under § 1983 if a plaintiff can show "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted

deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." Id. (quoting McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004)); see Monell v. Dept. of Social Svcs.of New York, 436 U.S. 658, 695 (1978) ("We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). The circuit court has determined that in establishing policy or custom, "it is generally necessary to show a persistent and wide-spread practice." Turner, 415 F. App'x at 202 (quoting Depew v. St. Marys, 787 F.2d 1496, 1499 (11th Cir. 1986)). Plaintiff has made no such averments. Despite sustaining a cause of action for false imprisonment under the Fourth Amendment, his cause of action under Section 1983 is deficient because has failed to allege facts supporting municipal liability.

E. Florida Constitution Claims

Plaintiff's state constitutional claims are inadequate and should be dismissed. He alleges that Defendants violated his rights under the Florida Constitution's search and seizure clause (article 1, section 12) (Doc. 1 at 1). By its own terms, this provision "must be construed in conformity with the Fourth Amendment of the United States Constitution[.]" Lopez v. Scott, No. 2:15-cv-303-FtM-38MRM, 2015 WL 5234410, at *5 (M.D. Fla. Sept. 8, 2015). As explained in section B. supra, Plaintiff has failed to allege that he had a reasonable expectation of privacy that was violated by Defendants, or that some individual within Defendants' employ acted as a state actor.

Plaintiff makes vague and conclusory allegations that Defendants' actions violated his rights under article 1, sections 2 and 9 of the Florida Constitution. These sections

relate to due process and the existence of certain basic rights. Plaintiff has not provided any clear facts in support of either of these claims.

F. <u>Negligence</u>

Plaintiff complains generally, that Defendants were negligent, but his complaint fails to make any specific allegations. To prove negligence a plaintiff is required to show that "(1) the defendant owes a legal duty to the plaintiff: (2) the defendant breached that duty: (3) defendant's breach legally caused an injury to plaintiff; and (4) damages resulted from the injury." <u>Janis v. Pratt & Whitney Canada, Inc.</u>, 370 F. Supp. 2d 1226, 1229 (M.D. Fla. 2005). Plaintiff's complaint does not contain any factual allegations that tend to prove any of the elements of this cause of action. Therefore, I find that Plaintiff has failed to plead a claim for negligence

## Conclusion

Plaintiff has been informed of the issues with his complaint and he has been given more than enough time to make corrections. Because Plaintiff has failed to amend, after careful consideration, I **RESPECTFULLY RECOMMEND** that the district judge **DENY** his pending motion to proceed *in forma pauperis* (Doc. 6) and **DISMISS** this case with no further leave to amend.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. <u>See</u> 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on May 23, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copy furnished to:

    Presiding United States District Judge
    Pro se Plaintiff